IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY MILLER                                                           PETITIONER

v.                          NO. 4:21-cv-00745 BRW-PSH

DEXTER PAYNE                                                             RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Timothy Miller ("Miller") challenges his 2018 Ashley County Circuit Court convictions by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that the petition be dismissed because it is time-barred.

The record reflects that Miller was convicted of three counts of delivery of methamphetamine within one thousand feet of a school, one count of use of a communication device in commission of a drug offense, and one count of fleeing. He appealed his convictions to the Arkansas Court of Appeals, where the following occurred:

> ... [Miller's] attorney on appeal filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1) (2019), seeking to withdraw as counsel on the basis that there was no merit to an appeal. Miller filed pro se points pursuant to Rule 4-3(k)(2), alleging ten points for reversal. The State filed a brief in response to each of Miller's points as required by Rule 4-3(k)(3). ... On January 15, 2020, the Arkansas Court of Appeals affirmed Miller's convictions but modified his sentencing order to reflect that fleeing was a class "C" misdemeanor rather than class "A" as was reflected on the sentencing order. Miller v. State, 2020 Ark.App. 28, 595 S.W.3d 368. ...

See Docket Entry 5 at CM/ECF 1-2. The state appellate court mandate was issued on February 14, 2020.

Miller did not seek state post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). He represented that he did not do so "due to the court being closed and prison being locked down with no law library services due to COVID-19." See Docket Entry 2 at CM/ECF 4.

Miller signed the petition at bar on August 6, 2021, and the Clerk of the Court for the United States District Court, Eastern District of Arkansas, filed the petition on August 23, 2021. In the petition, Miller raised the following claims: (1) he was denied due process of law when the information was amended prior to trial, (2) the evidence was insufficient to support his convictions for delivery of methamphetamine, (3) he was denied his right to confront witnesses, (4) the evidence was insufficient to support his convictions for delivery of methamphetamine within one thousand feet of a school, (5) the State failed to disclose exculpatory evidence, and (6) his trial and appellate attorneys were ineffective.

Payne filed a response to Miller's petition. In the response, Payne maintained, in part, that the petition should be dismissed because it is time-barred.[1]

---

[1] Payne advanced two other reasons for dismissing the petition. He maintained that the claims contained in the petition, save Miller's claims of insufficient evidence, are procedurally barred from federal court review. With respect to Miller's claims of insufficient evidence, Payne maintained that the claims were reasonably decided by the state courts of Arkansas and the decisions should be accorded deference.

Miller thereafter filed a reply to Payne's response. In the reply, Miller maintained, in part, that if his petition is untimely, its untimeliness should be excused because he has been diligently pursuing his claims. Specifically, he noted that he raised his claims "on direct appeal after his attorney abandoned Miller's appeal and filed a frivolous Anders brief." See Docket Entry 7 at CM/ECF 1. Miller alternatively maintained that any untimeliness should be excused because his due process rights were violated when "[t]he police withheld audio and video of the alleged deliveries ..." See Docket Entry 7 at CM/ECF 4. He additionally maintained that any untimeliness should be excused because he is actually innocent.[2]

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any time during which the period is tolled or otherwise extended, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

---

[2] Miller also challenged the assertions that his claims are procedurally barred or were reasonably adjudicated by the state courts. Miller maintained that he raised his claims in state court, noting that "after his attorney filed a no-merit brief claiming there were no grounds for appeal, Miller filed a ten point pro se brief that includes his current actual innocence claims and the grounds now presented on habeas corpus." See Docket Entry 7 at CM/ECF 5. Miller also maintained that the rule announced in Martinez v. Ryan, 566 U.S. 1 (2012), applies here because he had no counsel or otherwise had ineffective counsel in Arkansas' initial-review collateral proceeding. Although he conceded that he did not file a Rule 37 petition, he maintained that his "initial review collateral remedy was his direct appeal ... See Docket Entry 7 at CM/ECF 9.

Payne maintains that the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Payne maintains that the one-year period began on February 12, 2020, when "[Miller's] time for seeking discretionary review of the Court of Appeals decision on direct review expired." See Docket Entry 5 at CM/ECF 2.

Payne's position has merit and is adopted. The limitations period is that found at 28 U.S.C. 2244(d)(1)(A). The one-year period here began in February of 2020, or when the time expired for Miller to seek discretionary review of the Court of Appeals' decision.³ He therefore had until February of 2021 to file a timely petition pursuant to 28 U.S.C. 2254. He did not sign his petition, though, until August 6, 2021, and it was not filed until August 23, 2021. As a result, it is untimely. The only question is whether there is some reason for tolling the one-year period or otherwise excusing the untimely filing of the petition.

---

³ Payne maintains that the one-year period began on February 12, 2020. There is some support, though, for the proposition that the one-year period actually begins on the date the state appellate court issues its mandate, in this instance, on February 14, 2020. See Ben-Yah v. Norris, 570 F.Supp. 1086 (E.D.Ark. 2008) (conclusion of direct review occurs when Arkansas Court of Appeals issues mandate). The exact date the one-year period began in this case—either February 12 or February 14—is ultimately of no significance; it is adequate to simply find that the one-year period begun in February of 2020.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Miller never filed such an application, specifically he never filed a Rule 37 petition, so he derives no benefit from 28 U.S.C. 2244(d)(2).

Miller attempts to gain the benefit of 28 U.S.C. 2244(d)(2) by maintaining that he was prevented from filing a Rule 37 petition because of the restrictions brought about by the Coronavirus Disease 2019 ("COVID-19"). Although he never presented this argument to the state courts, the undersigned assumes that the restrictions brought about by COVID-19 might excuse a failure to file a Rule 37 petition. This case, though, does not present such an instance. There are several reasons why. For example, it is not clear if, when, or for how long, his access to the prison law library was suspended. There is nothing to suggest that he attempted to file a Rule 37 petition between the time the state appellate court issued its mandate and the time COVID-19-related restrictions were imposed. There is nothing to suggest that the Ashley County Circuit Court was closed to all filings during the time Miller could have filed a Rule 37 petition. There is also nothing to suggest that as COVID-19-related restrictions began to ease, he asked the state trial court to consider a Rule 37 petition.

Miller alternatively maintains that the one-year period should be equitably tolled. Liberally construing his pro se pleadings, he offers three reasons why. First, he maintains that he has been diligently pursuing his claims. Second, he maintains that his due process rights were violated when "[t]he police withheld audio and video of the alleged deliveries ..." See Docket Entry 7 at CM/ECF 4. Last, he appears to maintain that the restrictions brought about by COVID-19 prevented him from filing a timely petition pursuant to 28 U.S.C. 2254.

It is axiomatic that the one-year period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals outlined the dimensions of the equitable tolling doctrine:

> ... "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E]quitable tolling affords the otherwise time-barred petitioner an exceeding narrow window of relief...." ... "The one-year statute of limitations may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" ...

See Id., at 1195. (Citations and italics omitted).

7

Equitable tolling is not warranted in this instance for two reasons. First, the undersigned is not convinced that Miller has been pursuing his rights diligently. Although he may have raised the claims at bar on direct appeal in his pro se brief, he did nothing in the state courts of Arkansas after the state appellate court issued its mandate. Specifically, he never filed a Rule 37 petition, and there is nothing to suggest he even attempted to file such a petition. He instead waited approximately eighteen months after the mandate was issued to file his petition pursuant to 28 U.S.C. 2254. He blames his failure to pursue post-conviction relief on the restrictions brought about by COVID-19. As the undersigned noted above, though, there are several reasons why the restrictions, whatever they might have been, do not excuse his failure to pursue his rights diligently.

Second, Miller has not shown that an extraordinary circumstance stood in his way and prevented him from filing a timely petition pursuant to 28 U.S.C. 2254. Although he maintains that an extraordinary circumstance arose when the police withheld "audio and video of the alleged deliveries," see Docket Entry 7 at CM/ECF 4, it is not clear how police conduct might have prevented him from filing a timely petition. In any event, he appears to have known of, or about, the alleged police misconduct at the time he filed his pro se brief on direct appeal.

It is conceivable that the restrictions brought about by COVID-19 can warrant equitable tolling, but Miller has not shown how any such restrictions impeded his ability to file a timely petition pursuant to 28 U.S.C. 2254.[4] A lack of legal resources, such as access to a law library, does not typically warrant equitable tolling, see Shoemate v. Norris, 390 F.3d 595 (8th Cir. 2004), and the Clerk of the Court for the United States District Court, Eastern District of Arkansas, has continued to accept filings throughout the pandemic.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807,

---

[4] A body of case law has begun to develop surrounding the extent to which the restrictions brought about by COVID-19 warrant equitable tolling. See e.g., United States v. Turner, No. 6:18-cr-60015, 2021 WL 4256304 (E.D.Ark. August 11, 2021), report and recommendation adopted, 2021 WL 4255637 (E.D.Ark. September 17, 2021) (28 U.S.C. 2255 case); Taylor v. United States, No. 4:20-cv-1489, 2021 WL 1164813 (E.D.Mo. March 26, 2021), reconsideration denied, 2021 WL 2142461 (E.D.Mo. May 26, 2021) (28 U.S.C. 2255 case). In Taylor, the federal district court assumed COVID-19 is an extraordinary circumstance that could warrant equitable tolling in certain circumstances. The court found, though, that the movant in that case "offer[ed] no explanation for how the pandemic impeded his ability to pursue his rights." See Id. at 3. Although he stated that he had been unable to access the law library during the COVID-19 lockdowns, the court noted that "'pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.'" See Id. [Citations omitted].

1 (E.D.Ark. 2018) (quoting McQuiggin v. Perkins, 569 U.S. 386-387). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The actual innocence exception affords Miller no benefit. He has not offered new evidence showing that he is innocent. He either re-argues the evidence offered at trial or speculates on evidence that should have been offered or might otherwise be available. In short, he cannot show that, in light of the allegedly new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

In conclusion, Miller's petition is untimely as it was filed outside the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is therefore time barred. The undersigned recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.

DATED this 7th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE